## GRISSLER & FAUSEL *vs.* STUYVESANT.

The statute gives an allowance on the amount recovered or claimed, or the subject-matter involved. In the latter case such value is to be ascertained by the court.

The only relief sought in an action was an injunction to restrain summary proceedings for the dispossession of the plaintiffs from certain premises, and that only for a limited period. No money was sought to be recovered, and no property was the subject-matter of the action. *Held*, that there was nothing in the case on which an allowance could be estimated; the subject-matter involved being the right to prosecute the summary proceedings, the value of which right it was not practicable to estimate.

APPEAL, by the plaintiffs, from an order made at a Special Term, granting to the defendant an extra allowance of $750.

The action was commenced by the plaintiffs to abate dispossession proceedings commenced against them by the defendant, and to obtain an injunction to restrain such proceedings in future. The only cause alleged by the plaintiffs for demanding such relief was the pendency of actions brought against them by the defendant for the recovery of the same property. The defendant demurred to the complaint. The court, at Special Term, made an order sustaining the demurrer and dismissing the complaint, which was affirmed at General Term. (*S. C., ante, p.* 77.)

*John J. Townsend,* for the appellants. The only matter involved in this action is the abstract right of the defendant to pursue inconsistent remedies. The Code, § 309, gives the court no power to make an allowance in such a case. The power of a court to make an allowance in any case is exceptional, and ought to be abolished, or restrained within very narrow and clearly defined limits. Where the rights in controversy have no money value an allowance cannot be made. (*The People* v. *The Albany and Susquehanna R. R. Co.,* 5 *Lansing,* 25, 36.) If the plaintiffs are entitled to a re-

Grissler *v.* Stuyvesant.

versal of the order dismissing the complaint, they are entitled to a reversal of the order for an allowance which was predicated upon it.

*Douglas Campbell*, for the respondent. The extra allowance was properly granted. The dispossession proceedings were commenced to recover property worth $100,000, or a balance of about $15,000 of rent. This action was brought to obtain an abatement of such proceedings, and a permanent injunction to restrain similar proceedings in future. The defendants claimed, in arguing the motion before Judge FANCHER, that a proper basis of allowance was the value of the real estate itself, but he held that the rent due was the correct basis. The plaintiffs can hardly complain of this. On the most favorable construction for them, this was the amount of the subject-matter involved. The words of the Code are in the disjunctive: "Upon the amount of the recovery or claim, *or* subject-matter involved." The value of the property to be directly affected by the result of an action affords a proper basis for computing the percentage authorized by section 309 of the Code in difficult and extraordinary cases. So held where the action was brought to restrain the defendants from discontinuing and removing a railroad. (*People* v. *A. & V. R. R. Co.*, 16 *Abb.*, 465.)

In a strict sense, the amount of the plaintiffs' claim was nothing, but they were attempting to prevent the defendant from recovering his property or his rent, and that was the amount involved.

*By the Court*, INGRAHAM, P. J. The only relief sought in this action was for an injunction, and that only for a limited period. No money was sought to be recovered, and no property was the subject-matter of the action.

The statute gives an allowance on the amount recov-

ered or claimed, or the subject-matter involved. In the latter case such value is to be ascertained by the court.

There was nothing in this case on which an allowance could be estimated, nothing received, and no money or property claimed in the action. The subject-matter involved was the right to prosecute the pending proceedings before the justice. It is not practicable to estimate the value of that right. The determination whether the plaintiff shall be permitted to prosecute the summary proceedings did not involve the recovery of the lands nor of the rent alleged to be due.

The decision on the demurrer did not affect the right to the rents, nor the right to the lands.

The remedy of the defendant for expenses and damages in restraining his proceedings should be had on the injunction undertaking.

The order should be reversed.

[FIRST DEPARTMENT, GENERAL TERM at New York, November, 1873. *Ingraham* and *Davis*, Justices.]